UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA HART,

      Plaintiff,

v.                                          CASE NO.: 8:06-CV-2276-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## ORDER

      Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks judicial review of the Commissioner's decision denying her claim for period of disability and disability benefits. In summary, she argues the Administrative Law Judge ("ALJ") erred in determining her medical improvement and in failing to comply with the Eleventh Circuit's pain standard. After reviewing the record and the parties' memoranda, I find that the ALJ's decision is not supported by substantial evidence. Accordingly, the case is remanded for further administrative proceedings consistent with this order.

      *A. Background*

      Plaintiff, who was fifty-two years old at the time of her administrative hearing, has a high school education plus two years of college, and past relevant work experience as a nurse. She asserts disability beginning August 2, 2002, due to degenerative disc disease, failed spinal fusion surgery, and depression. The ALJ concluded Plaintiff was disabled between August 2002 and May 2004, but was no longer disabled beginning May 2, 2004, and could perform light work with

additional restrictions from that date forward. Based on testimony from the vocational expert (VE), the ALJ further concluded she possessed the residual functional capacity to work as a cashier, office helper, and charge account clerk.

    *B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton*

*v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

### *C. Discussion*

The regulations dictate the ALJ, when evaluating pain testimony, examine the objective and subjective evidence. All the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence must be considered. *See* 20 C.F.R. § 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. *Id.* "Other evidence," includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *Id.* The Eleventh Circuit pain standard incorporates this scheme by requiring: (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote,* 67 F.3d at 1561.

In this case, the ALJ found that from August 2, 2002, through May 1, 2004, Plaintiff's pain combined with her treatment and recuperation from her surgeries made it impossible for her to physically sustain work activity (R. 17). However, from May 2, 2004, and later, the ALJ opined that "the totality of evidence since her second surgery fails to support the existence of any significant pathology capable of producing such severe and debilitating limitations as alleged" (R. 19). Plaintiff asserts that the medical evidence substantiates her continued complaints of disabling back and leg pain. I agree.

The medical evidence from May 1, 2004, and later in general shows that although Plaintiff's leg pain temporarily subsided after her second spinal surgery, her back pain did not. *See* R. 391 ("after the last fusion, her leg pain did improve, but she has continued to have pain in her back"); R. 386 (August 24, 2004,"not doing as well as she was last time, ... does complain of a variety of aches and pains, ... tenderness in the lumbar spine" on examination and Dr. Gobo recommended investigating possibility of fibromyalgia since she suffered from "hormonal problems and persistent pain"); R. 387 (October 21, 2004, "doing better until two weeks ago when she fell and had recurrence of lower back pain with radicular right leg pain, unsure why Plaintiff's symptoms are worse when her x-rays look quite good); R. 390 (October 28, 2004, "not doing very well at all," Dr. Gobo stated he was "in a quandry in that the films look great, however, she is doing more poorly" and referred her to a pain management doctor for consultation); R. 391 (November 18, 2004, describes an aching pressure pain in her spine bilaterally that is present only with lying or bending forward, right leg occasionally buckles, requires fairly high doses of opioid analgesics, recent CT scan shows disk disease at L4-5); R. 331 (June 17, 2005, pain 6/10, failed spinal fusion, to see neurosurgeon about procedure recommendations); R. 333 (December 23,

2004, no improvement after L4-L5 facet injections, continues to require large doses of opioid analgesics and states that despite this her functioning is very limited, spends a lot of time in bed lying down applying heating pad to back, cannot go to grocery store due to pain and only activity during day is taking children to bus stop in morning and picking them up in afternoon); R. 332 (February 17, 2005, no improvement after lumbar facet injections, pain radiating down leg, Duragesic patch providing good relief but rates pain 5/10); R. 329, 330 (August 19, 2005 and October 14, 2005, pain a 7/10, continued back and right lower extremity pain).

While the ALJ summarily concluded that Plaintiff's subjective reports of pain were not supported by objective medical evidence, she overlooked and failed to mention that Plaintiff's treating doctor indicated that emotional factors do not contribute to the severity of Plaintiff's symptoms and functional limitations and that Plaintiff's impairments are reasonably consistent with her symptoms and functional limitations (R. 324). The doctors who completed the physical residual functional capacity forms in February 2004 and in June 2004 likewise commented that Plaintiff's alleged symptoms were consistent with the medical and nonmedical evidence (R. 220, 320).[1] Although the ALJ noted that Plaintiff's treating doctor thought that long term use of opiates without improvement was not a preferred treatment for Plaintiff's pain, it is also important to note that for years Plaintiff's pain was so severe that it required this narcotic/opiate treatment  and it

---

[1] Both of these consulting doctors opined that Plaintiff could stand or walk for about six hours in an eight-hour day and sit about six hours in an eight-hour day, however both of them also wrote on their forms that Plaintiff was recovering from spinal surgery.  Dr. Moore, who completed her form in February 2004 indicated that she anticipates some recovery with rehabilitation and therefore advises "this projected RFC" (R. 220), and Dr. Kambam, who completed his form in June 2004, stated Plaintiff "should improve to projected RFC by August 2004"  (R. 320).  These projections are not particularly relevant or helpful is assessing Plaintiff's likely prognosis.

was not until sometime in 2005 or 2006 that Plaintiff reported that her pain, at least at times, was well controlled with the patch and sacroiliac injection therapies (R. 328). Even at that late date, however, her doctor called her condition "unchanged;" the second attempt at spinal fusion failed (R. 328). And, even in February 2006, Dr. Solomon indicated that Plaintiff's condition had lasted or was expected to last at least twelve months (R. 324).

Accordingly, I find remand is appropriate. On remand, the ALJ should develop the record as to, but not limited to, Plaintiff's back and leg pain and failed spinal fusion surgery for the time period beginning May 2, 2004.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Commissioner's decision is REVERSED and the matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

2. The Clerk of Court is directed to enter judgment for the Plaintiff.

DONE AND ORDERED at Tampa, Florida on February 1, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE